**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

KEVIN DAVIS,

  Plaintiff,

v.             Case No. 8:25-cv-2567-TPB-AAS

EQUIFAX INFORMATION
SERVICES LLC,

  Defendant.

_____/

**ORDER DENYING "DEFENDANT EQUIFAX INFORMATION SERVICES
LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND
MEMORANDUM IN SUPPORT"**

This matter is before the Court on "Defendant Equifax Information Services

LLC's Motion to Dismiss Plaintiff's Complaint and Memorandum in Support," filed

October 21, 2025. (Doc. 19). On October 22, 2025, Plaintiff filed his response in

opposition. (Doc. 20). After reviewing the motion, response, court file, and record,

the Court finds as follows:

**Background[1]**

This dispute arises from alleged omissions in Plaintiff Kevin Davis's

consumer file. On March 15, 2025, Plaintiff requested a copy of his consumer credit

---

[1] The Court accepts as true the facts alleged in Plaintiff's complaint for purposes of ruling on the pending motion to dismiss. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."). The Court is not required to accept as true any legal conclusions couched as factual allegations. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).

disclosure from Defendant Equifax Information Services LLC.  Defendant furnished him with an electronic copy.  But Plaintiff alleges that despite its statutory obligation to provide a complete and accurate disclosure of his consumer file, Defendant omitted certain critical information related to thirty-three different accounts.  Specifically, he claims Defendant misnamed various debt buyers as original creditors and omitted the true original creditors' names.  Plaintiff also alleges Defendant omitted the full account numbers for various debt buyers.  Plaintiff claims that these errors have made it difficult to verify the consumer file with his own personal records.

On August 25, 2025, Plaintiff filed a one-count complaint for violations of the Fair Credit Reporting Act ("FCRA") under 15 U.S.C. § 1681, *et seq.*, in the Sixth Judicial Circuit Court in and for Pinellas County, Florida.  Defendant removed this action to this Court on September 23, 2025, and it now moves to dismiss the complaint for failure to state a claim.

### Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief."  Fed. R. Civ. P. 8(a).  While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its

face." *Id.* at 570.  When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint.  *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995).  Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff."  *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).  "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case."  *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

**<u>Analysis</u>**

***Inaccuracy in Reporting***

In its motion to dismiss, Defendant argues that Plaintiff fails to state a claim in Count I because he fails to plead an inaccuracy in credit reporting, a threshold matter to proceed with a claim under 15 U.S.C. § 1681e(b) of the FCRA.  But Plaintiff does not assert a claim under § 1681e(b) – his claims arise under § 1681g(a)(1), which does not require him to plead an inaccuracy in reporting.  The motion to dismiss is therefore denied as to this ground.

***Information Bearing on Creditworthiness***

Next, Defendant argues that the complaint should be dismissed because Plaintiff's claims do not involve information bearing on his "creditworthiness" and are therefore not actionable under § 1681g.  Defendant points out that a credit "file"

for purposes of § 1681g means "information included in a consumer report" and does not include every piece of information that a consumer reporting agency has relating to a consumer.

The FCRA requires consumer reporting agencies to disclose, upon request, "[a]ll information in the consumer's file[,]" subject to some exceptions. 15 U.S.C. § 1681g(a)(1). A consumer "file" includes "all of the information on that consumer recorded and retained by a consumer reporting agency regardless of how the information is stored." 15 U.S.C. § 1681a(g). Here, Plaintiff alleges that full account numbers and original creditor names – not mere internal or record keeping items – were omitted from his consumer file. This is not a new or novel issue. Numerous courts have held that allegations of this sort are sufficient to state a claim under § 1681g. *See*, *e.g.*, *Ballard v. Equifax Information Services, LLC*, No. 0:25-CV-62108-AUGUSTIN-BIRCH, 2025 WL 3539326, at *1 (S.D. Fla. Dec. 10, 2025) (finding that plaintiff alleged plausible § 1681g claim related to truncated or omitted account numbers); *Harris v. TransUnion, LLC*, No. 1:25-cv-192-MLB-JKL, 2025 WL 3306434, at *6-7 (N.D. Ga. Oct. 20, 2025) (same); *Washinton v. Equifax*, No. 3:19-cv-00154, 2019 WL 2443126, at *2 (M.D. Tenn. June 12, 2019) (same). Consequently, Defendant's motion to dismiss is denied as to this ground.

### *Metro-II or Credit Reporting Resources Guide Standards*

Last, Defendant argues that there is no available federal cause of action for noncompliance with Metro-II or the Credit Reporting Resources Guide ("CRRG") standards. Plaintiff argues in response that his claim is grounded in Defendant's

statutory obligation under § 1681g, not in Metro-II or the CRRG standards. Plaintiff does not seem to assert an independent claim under Metro-II or CRRG standards – rather, he references the standards to support his § 1681g claim. Defendant's motion to dismiss is denied as to this ground.

Accordingly, it is therefore

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) "Defendant Equifax Information Services LLC's Motion to Dismiss Plaintiff's Complaint and Memorandum in Support" (Doc. 19) is hereby **DENIED**.

(2) Defendant is directed to file an answer on or before February 17, 2026.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 2nd day of February, 2026.

_____

TOM BARBER
UNITED STATES DISTRICT JUDGE